**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

PECOLIA DIGGS                                                                                              PLAINTIFF

v.                                             No. 3:09CV00005 JLH

CITY OF OSCEOLA                                                                                        DEFENDANT

**OPINION AND ORDER**

Pecolia Diggs filed this instant action in the Eastern District of Arkansas on January 15, 2009. Diggs alleges that she was treated differently than her white co-workers and that her employer, the City of Osceola, terminated her employment because of her race. In her complaint, Diggs also states that the Equal Employment Opportunity Commission documents and all other documents associated with her complaint are already a part of the Court's records. In addition to her complaint, Diggs has submitted to the Court a letter in which she references her previous case against the same defendant and making the same claims and allegations. Her letter goes on to state that she was denied her constitutional right to a jury trial and requests that this Court re-hear her case.

Diggs's previous case against the City of Osceola was filed in the same division of this district as case number 3:05CV00261 and was assigned to Judge Susan Webber Wright. In an unreported decision, Diggs's original case against the City of Osceola was dismissed on summary judgment because she failed to provide any evidence suggesting that the City's stated reasons for her termination were merely pretext for retaliation. *See Diggs v. City of Osceola*, No. 3:05CV00261, 2007 WL 846527, at *4 (E.D. Ark. Mar. 19, 2007). In a letter to the court dated March 21, 2007, Diggs gave notice of her intent to appeal the decision. After careful consideration, the Eighth Circuit

denied her appeal and affirmed the district court's granting of summary judgment. *Diggs v. City of Osceola*, No. 07-1702, 2008 WL 786662 (8th Cir. Mar. 26, 2008).  On May 6, 2008, Diggs filed a motion for reconsideration, which was denied, and her petition for writ of certiorari to the United States Supreme Court was also denied.

The legal doctrine known as *res judicata* prevents a litigant from bringing a repetitive lawsuit based on the same cause of action.  A party may be prevented from filing the same cause of action at a later date if "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the decision was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *U.S. v. Moser*, Nos. 4:04CR00041, 4:04CR00016, 2008 WL 1994925, at *3 (E.D. Ark. May 2, 2008) (quoting *U.S. v. Brekke*, 97 F.3d 1043, 1047 (8th Cir. 1996)).  In other words, a plaintiff cannot file the same claims against the same defendant where a court of competent jurisdiction previously reached a final judgment on the merits against the plaintiff.  Summary judgment constitutes a final judgment on the merits because the court is making the determination that, under the controlling law, there is no genuine issue of material fact that a jury can consider. *Gammon v. Ark. Highway & Transp. Dep't*, No. 2:07CV00148, 2008 WL 2717148, at *3 (E.D. Ark. July 9, 2008).

In this case, Diggs has admitted in her complaint and letter to the Court that she has previously filed the same action, making the same claims against the same defendant.  Upon review of the record, it is apparent that Diggs took full advantage of her opportunities to appeal the decision against her.  Under the doctrine of *res judicata*, Diggs cannot re-litigate the same claims against the same defendant after her previous case was dismissed on the merits.  Therefore, Diggs's complaint

against the City of Osceola is dismissed with prejudice, and her motion for leave to proceed in forma pauperis is denied as moot.

IT IS SO ORDERED this 30th day of January, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE